ROBERT M. GRINNELL AND SOPHIE, HIS WIFE, RESPONDENTS, *v.* CHARLES F. MACLEAN, APPELLANT, IMPLEADED WITH EDWARD M. BAKER AND OTHERS.

*Proprietors of Montauk — right of, to partition lands — chapter* 139 *of* 1852 *does not vest the title in the corporation.*

Chapter 139 of 1852, entitled "An act to incorporate the proprietors of Montauk lands, in the town of East Hampton, in Suffolk county," did not vest the title to such lands in the corporation, or entitle it to the possession thereof, except for the

mere purpose of management in subordination to the proprietors; and it does not prevent one of such proprietors from maintaining an action for the partition of said lands.

Nor does the fact that the Montauk Indians have certain rights therein, paramount to those of the proprietors, prevent such partition. Such rights are in the nature of an incumbrance to be recognized and protected upon the sale.

*Appley* v. *Trustees of Montauk* (38 Barb., 275), followed and approved.

APPEAL from an order overruling a demurrer to the complaint, and from an interlocutory judgment decreeing partition.

The action was brought to partition certain lands in the town of East Hampton, Suffolk county, known as Montauk. The lands are owned by a large number of persons, exceeding 120 in number, who are known as proprietors. The title was derived from the Indians, who it was claimed had certain interests in the lands paramount to those of the proprietors.

*Edward W. Crittenden*, for the appellant.

*G. L. Rives*, for the respondents.

BARNARD, P. J.:

This is an appeal from an interlocutory judgment on a partition suit, overruling a demurrer to the complaint and directing the usual reference as to title and incumbrances. It is claimed by the appellant that by force of the act, chapter 139 of Laws of 1852, entitled "An act to incorporate the proprietors of Montauk lands, in the town of East Hampton, in Suffolk county," the title of the premises in question is vested in the corporation thereby created; and that the plaintiff has; therefore, neither the title nor the possession essential to maintain the present action.

The construction and effect of the act above referred to was considered by this court in the case of *Appley* v. *Trustees of Montauk* (38 Barb., 275). It was there held that the corporation was not vested with the title to the land by the act, and that it did not give the corporation the possession of the lands, except for the mere purpose of management in subordination to the proprietors. A re-examination of the subject, with the light thrown upon it by the full and able argument in this case, leads to the same conclusion arrived at in the case just cited. We find noth-

ing in the act itself purporting to take the title from the individual proprietors and vest it in the body corporate. Neither can we see how the act, if it contained provisions which would have the effect claimed by the appellant, could escape the obvious objection on the ground of unconstitutionality. The proprietors being very numerous and the property of very great extent, the act was passed to enable them the better to manage the property by means of trustees, with certain corporate powers to rent out, manage, and protect the premises. The possession and powers of its trustees are simply those of a bailiff or steward of the property, and offer no obstruction to the maintenance of an action for the partition of the property. The Montauk Indians are alleged, in the complaint, to have the right to occupy certain portions of the land, to cut fencing materials from other portions, and to receive an annuity of five dollars charged upon the whole premises. Those rights, which are paramount to the title of the proprietors, are in the nature of incumbrances, which must be recognized and protected, but form no bar to a partition suit. (*Maynard* v. *Maynard*, 4 Edw. Ch., 711.) The Indians were proper parties to the suit, in order that these rights may be ascertained and defined. They have not appealed, and their rights are not now under review, except to ascertain whether they form a bar to the suit. We think they do not.

Judgment appealed from should be affirmed, with costs.

GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment affirmed, with costs.